### IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **KEMARLEY BRAHAM,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| | § | |
| **CITY OF HOUSTON; JOEY ELLIS;** | § | |
| **JUANITA VALDEZ; ANDREW** | § | |
| **ZIMZORES and WILLIAM SMITH** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND AND REASSERTION OF CLAIMS PREVIOUSLY FILED IN CIVIL ACTION NO. 4:25-CV02050

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, KEMARLEY BRAHAM ("Plaintiff"), and files this Original Complaint and Jury Demand against Defendants CITY OF HOUSTON, JOEY ELLIS, JUANITA VALDEZ, ANDREW ZIMZORES, and WILLIAM SMITH (collectively, "Defendants"), and for cause of action would respectfully show the Court as follows:

### I.    INTRODUCTION

1. This is a civil rights action arising from Defendants' retaliatory and unconstitutional conduct directed toward Plaintiff after Plaintiff exercised his rights under the United States Constitution, including the right to petition the government for redress of grievances, access the courts, and pursue legal remedies concerning governmental misconduct.

*Plaintiff's Original Complaint, Jury Demand and*
*Reassertion of Claims Previously Filed in Civil Action No. 4:25-CV-02050*

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress violations of rights secured by the First and Fourteenth Amendments to the United States Constitution.

3. Plaintiff further seeks relief arising from retaliatory disciplinary actions, selective enforcement of governmental authority, unequal treatment, and adverse employment actions imposed after Plaintiff engaged in constitutionally protected activity.

4. Plaintiff previously filed Civil Action No. 4:25-cv-02050 in the United States District Court for the Southern District of Texas arising from the same underlying events described herein. During the pendency of that action, Plaintiff actively pursued service efforts, continued investigating the facts underlying his claims, and prepared amendments intended to supplement and clarify the allegations asserted therein.

5. While the prior action remained pending, Plaintiff pursued administrative remedies before the Equal Employment Opportunity Commission concerning retaliatory employment actions taken against him, including his November 21, 2025 indefinite suspension from employment.

6. On March 10, 2026, the Equal Employment Opportunity Commission issued a Determination and Notice of Rights relating to EEOC Charge No. 460-2026-02290, thereby exhausting Plaintiff's administrative remedies and authorizing Plaintiff to pursue additional federal claims arising from Defendants' retaliatory conduct.

7. On April 9, 2026, the prior action was dismissed without prejudice. Because the dismissal was without prejudice and did not constitute an adjudication on the merits, Plaintiff files this action asserting his constitutional claims together with

additional factual allegations and newly exhausted claims arising from the same course of conduct.

8. This action is brought in good faith for the purpose of obtaining adjudication on the merits of Plaintiff's claims and ensuring that all claims arising from Defendants' conduct are resolved in a single proceeding.

9. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment, loss of wages and benefits, emotional distress, mental anguish, humiliation, reputational injury, damage to future employment opportunities, and continuing economic losses.

10. Plaintiff seeks all relief available under federal law, including compensatory damages, punitive damages, declaratory relief, equitable relief, reinstatement or front pay, attorney's fees, costs, and all other relief to which he may be entitled.

## II.     JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

12. This Court possesses jurisdiction pursuant to 28 U.S.C. § 1343 because this action seeks redress for the deprivation of rights secured by the Constitution and laws of the United States under color of state law.

13. To the extent applicable, this Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any related state law claims arising from the same nucleus of operative facts.

14. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Plaintiff's claims occurred within Harris County, Texas, which lies within this judicial district.

15. At all relevant times, Defendants acted under color of state law.

### III.    PARTIES

16. Plaintiff KEMARLEY BRAHAM is an individual residing in Harris County, Texas. At all relevant times, Plaintiff was employed by the Houston Police Department as a police officer.

17. Defendant CITY OF HOUSTON is a municipal corporation organized and existing under the laws of the State of Texas and may be served through its authorized representative.

18. Defendant JOEY ELLIS is an individual who, at all relevant times, acted under color of state law and within the course and scope of his employment with the City of Houston.

19. Defendant JUANITA VALDEZ is an individual who, at all relevant times, acted under color of state law and within the course and scope of her employment with the City of Houston.

20. Defendant ANDREW ZIMZORES is an individual who, at all relevant times, acted under color of state law and within the course and scope of his employment with the City of Houston.

21. Defendant WILLIAM SMITH is an individual who, at all relevant times, acted under color of state law and within the course and scope of his employment with the City of Houston.

## IV.   PROCEDURAL BACKGROUND

22. Plaintiff previously filed Civil Action No. 4:25-cv-02050 in the United States District Court for the Southern District of Texas asserting constitutional and civil rights claims arising from the events described herein.

23. During the pendency of the prior action, Plaintiff actively pursued the litigation, including efforts to locate and serve Defendants, investigate the underlying facts, gather evidence, and prepare amended pleadings intended to supplement and clarify the claims asserted.

24. Plaintiff retained investigative resources, obtained service-related information concerning the individual Defendants, and continued efforts to effectuate service while simultaneously developing additional factual support for his claims.

25. During the relevant period, Plaintiff's counsel underwent ankle surgery and experienced significant post-surgical pain and medical limitations. Despite these challenges, counsel continued working on the case and preparing an amended pleading intended to expand upon Plaintiff's constitutional claims and incorporate newly arising causes of action.

26. On April 7, 2026, following a request from the Court's Case Manager for a status update, Plaintiff's counsel advised that she had recently undergone ankle surgery but was actively preparing an additional pleading for filing. Counsel specifically advised*: "I had surgery on my ankle the other day but we are working on filing an additional pleading this week. I have been in a lot of pain otherwise I would've already had it filed."*

27. At the time of that communication, Plaintiff was actively preparing amendments to the pleadings and intended to continue prosecuting the litigation. Neither Plaintiff nor counsel intended to abandon the action.

28. While the prior action remained pending, Plaintiff pursued administrative remedies before the Equal Employment Opportunity Commission concerning retaliatory employment actions taken against him, including his November 21, 2025 indefinite suspension from employment.

29. Plaintiff filed EEOC Charge No. 460-2026-02290 alleging retaliation arising from the conduct described herein and the adverse employment actions imposed against him.

30. On March 10, 2026, the Equal Employment Opportunity Commission issued a Determination and Notice of Rights, thereby exhausting Plaintiff's administrative remedies and authorizing Plaintiff to pursue additional federal claims arising from Defendants' retaliatory conduct.

31. On April 9, 2026, the prior action was dismissed without prejudice. Because the dismissal was without prejudice and did not constitute an adjudication on the merits, Plaintiff files this action asserting his constitutional claims together with additional factual allegations developed during the prior litigation and newly exhausted claims arising from the same course of conduct.

32. Counsel did not receive notice of the dismissal until April 14, 2026, several days after entry of the dismissal order and shortly after counsel's surgery and recovery period.

33. Plaintiff did not intend to abandon the prior action and remained actively engaged in investigating the facts, gathering evidence, pursuing service efforts, and preparing amended pleadings at the time of dismissal.

34. This action is filed in good faith for the purpose of obtaining adjudication on the merits of Plaintiff's claims and ensuring that all claims arising from Defendants' conduct are resolved in a single proceeding.

35. The factual allegations set forth below arise from the same course of conduct underlying the prior action and include additional facts and developments occurring during the pendency of that litigation.

## V.    FACTUAL BACKGROUND

36. On or about May 2023, Plaintiff Kemarley Braham and members of his family were lawfully present at Trotter Park in Houston, Texas, participating in peaceful recreational and family activities involving their dogs.

37. Plaintiff and his family were not engaged in criminal conduct, disorderly conduct, trespassing, or any conduct threatening public safety.

38. During the encounter at issue, Defendants Joey Ellis and Juanita Valdez approached Plaintiff and his family in an aggressive, confrontational, and intimidating manner despite the absence of any unlawful conduct by Plaintiff or his family members.

39. Defendants Ellis and Valdez falsely accused Plaintiff of threatening park attendees and threatened felony criminal charges despite the absence of evidence supporting such accusations.

40. Defendants further demanded that Plaintiff and his family immediately vacate the park without lawful justification.

41. When Plaintiff questioned why his family was required to leave despite being law-abiding citizens peacefully utilizing a public park, Defendant Ellis responded, *"because I said so,"* demonstrating arbitrary and abusive use of governmental authority.

42. Defendants Ellis and Valdez verbally harassed and intimidated Plaintiff and his family for approximately thirty minutes in a public setting and escalated the encounter by contacting the Houston Police Department.

43. Additional officers, including Defendants Andrew Zimzores and William Smith, subsequently arrived at the scene and intensified the confrontation rather than de-escalating the situation.

44. Defendants Zimzores and Smith informed Plaintiff that he would be arrested for criminal trespass if he did not leave the park despite Plaintiff's lawful presence and despite the absence of a legitimate basis for criminal enforcement action.

45. Plaintiff complied peacefully and began gathering his family and belongings in order to leave the park.

46. Plaintiff's wife and minor children witnessed the encounter and experienced fear, humiliation, embarrassment, and emotional distress as a result of Defendants' conduct.

47. During the incident, Plaintiff overheard Defendant Smith make derogatory remarks concerning Plaintiff, including statements such as, *"Let me know if he comes back again acting a fool."*

48. Defendants additionally asserted that the park was closed at approximately 9:00 p.m. and utilized that assertion as justification for demanding that Plaintiff leave the premises. Plaintiff later learned that Houston parks ordinarily closed earlier than represented, further demonstrating the arbitrary and pretextual nature of Defendants' actions.

49. Despite Plaintiff's compliance, Defendants caused Plaintiff to receive a ninety-day ban prohibiting him from visiting Houston recreational parks and interfering with Plaintiff's ability to participate in ordinary family recreational activities.

*Plaintiff's Original Complaint, Jury Demand and*
*Reasserption of Claims Previously Filed in Civil Action No. 4:25-CV-02050*

8

50. Following the incident, Plaintiff exercised his constitutional rights by pursuing legal remedies and filing a civil rights action concerning Defendants' conduct.

51. Plaintiff's filing of a lawsuit constituted protected activity under the First Amendment to the United States Constitution, including the right to petition the government for redress of grievances and the right of access to the courts.

52. Upon information and belief, Defendants and supervisory personnel associated with the Houston Police Department became aware of Plaintiff's protected activity shortly after the filing of the lawsuit.

53. Thereafter, Plaintiff was subjected to increased scrutiny, heightened monitoring, selective criticism, disproportionate disciplinary investigation, and retaliatory treatment not imposed upon similarly situated employees.

54. Plaintiff subsequently reviewed body camera footage and other information relating to the incident and observed conduct further suggesting coordinated efforts to target, discredit, and retaliate against him following the park incident and subsequent lawsuit.

55. Defendants thereafter initiated disciplinary proceedings against Plaintiff arising from allegations involving dispatch procedures, communication issues, and body camera policies.

56. The allegations against Plaintiff involved administrative and procedural matters rather than criminal conduct, dishonesty, corruption, excessive force, violence, or conduct threatening public safety.

57. Despite the comparatively minor and procedural nature of the allegations, Defendants imposed severe disciplinary measures upon Plaintiff, including

*Plaintiff's Original Complaint, Jury Demand and Reassertion of Claims Previously Filed in Civil Action No. 4:25-CV-02050*

9

suspension without pay and eventual indefinite suspension functioning as termination.

58. On or about November 21, 2025, Plaintiff was indefinitely suspended from employment with the Houston Police Department.

59. Plaintiff contends that the disciplinary proceedings and resulting indefinite suspension were motivated, in whole or in part, by retaliatory animus arising from Plaintiff's exercise of protected constitutional rights and pursuit of legal claims against governmental actors.

60. Upon information and belief, officers accused of substantially more serious misconduct, including dishonesty, excessive force, serious policy violations, and misconduct affecting public safety, were not subjected to equivalent punishment under similar circumstances.

61. The timing of the disciplinary proceedings, the escalation of scrutiny following Plaintiff's protected activity, the disproportionate nature of the discipline imposed, and the selective enforcement of departmental policies support a reasonable inference of retaliation.

62. Defendants' stated reasons for disciplining and terminating Plaintiff were false, exaggerated, selectively enforced, and pretextual.

63. Defendants utilized administrative procedures and disciplinary authority as a pretext to retaliate against Plaintiff for exercising constitutional rights and pursuing legal redress.

64. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment, loss of wages and benefits, loss of earning capacity, emotional

distress, mental anguish, humiliation, reputational injury, financial hardship, and continuing damage to future employment opportunities.

65. Plaintiff continues to suffer economic and non-economic damages as a result of Defendants' retaliatory and unconstitutional conduct.

## VI.
## COUNT I
## 42 U.S.C. § 1983
## FIRST AMENDMENT RETALIATION

66. At all relevant times, Plaintiff engaged in activity protected by the First Amendment to the United States Constitution, including filing a civil rights lawsuit, seeking judicial redress, petitioning the government for relief, and opposing conduct that Plaintiff reasonably believed violated his constitutional rights.

67. Plaintiff's pursuit of legal remedies and access to the courts constituted activity protected by the Petition Clause and other protections afforded by the First Amendment.

68. Defendants were aware of Plaintiff's protected activity and knew that Plaintiff had filed legal claims arising from the events described in this Complaint.

69. Following Plaintiff's exercise of protected constitutional rights, Defendants subjected Plaintiff to increased scrutiny, disproportionate disciplinary investigation, selective enforcement of departmental policies, adverse employment actions, suspension without pay, and eventual indefinite suspension functioning as termination.

70. The adverse actions taken against Plaintiff were sufficiently severe to deter a person of ordinary firmness from exercising constitutional rights.

*Plaintiff's Original Complaint, Jury Demand and*                                    11
*Reassertion of Claims Previously Filed in Civil Action No. 4:25-CV-02050*

71. The temporal proximity between Plaintiff's protected activity and the adverse actions taken against him, together with the escalation of disciplinary measures, selective enforcement of policies, disparate treatment, and evidence of pretext, support a reasonable inference that Plaintiff's protected activity was a substantial or motivating factor in Defendants' actions.

72. Defendants' asserted reasons for disciplining and terminating Plaintiff were false, exaggerated, selectively enforced, and pretextual.

73. Defendants acted intentionally, knowingly, maliciously, and under color of state law in retaliating against Plaintiff for exercising rights protected by the First Amendment.

74. Defendants' conduct would chill a person of ordinary firmness from engaging in protected speech, petitioning activity, or pursuit of legal remedies.

75. Retaliation against an individual for exercising rights secured by the First Amendment violates clearly established constitutional law and is actionable pursuant to 42 U.S.C. § 1983.

76. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered loss of employment, loss of wages and benefits, emotional distress, mental anguish, humiliation, reputational injury, and other compensable damages.

77. Plaintiff is entitled to recover all damages and equitable relief available under 42 U.S.C. § 1983.

## VII.

## COUNT II

## 42 U.S.C. § 1983

## FOURTEENTH AMENDMENT EQUAL PROTECTION

78. The Equal Protection Clause of the Fourteenth Amendment prohibits governmental actors from intentionally treating similarly situated individuals differently without a rational basis and from selectively enforcing governmental authority based upon improper motives.

79. Defendants subjected Plaintiff to disciplinary scrutiny, investigation, and punishment materially different from the treatment afforded to similarly situated employees accused of comparable or more serious misconduct.

80. Upon information and belief, other Houston Police Department officers accused of more serious misconduct, including dishonesty, excessive force, significant policy violations, and conduct affecting public safety, were not subjected to indefinite suspension or termination under comparable circumstances.

81. Defendants selectively enforced disciplinary policies and procedures against Plaintiff in a manner that was arbitrary, irrational, and motivated by retaliatory animus.

82. Defendants lacked a rational basis for imposing materially harsher discipline upon Plaintiff than that imposed upon similarly situated employees.

83. Defendants intentionally treated Plaintiff differently from similarly situated individuals for impermissible reasons and without legitimate governmental justification.

84. Defendants' conduct deprived Plaintiff of equal protection of the laws guaranteed by the Fourteenth Amendment.

*Plaintiff's Original Complaint, Jury Demand and*                    13
*Reassertion of Claims Previously Filed in Civil Action No. 4:25-CV-02050*

85. As a direct and proximate result of Defendants' discriminatory and selective enforcement of governmental authority, Plaintiff suffered the damages described herein.

## VIII.
## COUNT III
## 42 U.S.C. § 1983
## MUNICIPAL LIABILITY (MONELL)

86. Defendant City of Houston is a municipal entity subject to liability under 42 U.S.C. § 1983 for constitutional violations caused by official policies, customs, practices, ratification, failures in supervision, failures in training, and deliberate indifference attributable to municipal policymakers.

87. At all relevant times, final policymakers and supervisory officials acting on behalf of the City of Houston possessed authority over disciplinary investigations, disciplinary proceedings, suspension decisions, and employment actions affecting Houston Police Department personnel.

88. Upon information and belief, policymakers possessing final disciplinary authority reviewed, approved, ratified, or otherwise permitted the retaliatory disciplinary actions imposed upon Plaintiff despite knowledge of Plaintiff's protected activity and the circumstances surrounding the disciplinary proceedings.

89. Defendant City of Houston maintained customs, practices, and disciplinary procedures that permitted selective enforcement of departmental policies and allowed employees engaging in protected activity to be subjected to retaliatory treatment without adequate safeguards against constitutional violations.

90. Defendant City of Houston further failed to adequately supervise, monitor, investigate, train, and discipline employees and supervisors responsible for retaliatory conduct directed toward Plaintiff.

91. Despite possessing authority to prevent, correct, or remedy unconstitutional conduct, policymakers acted with deliberate indifference to the substantial risk that employees exercising protected constitutional rights would be subjected to retaliatory discipline and adverse employment actions.

92. The retaliatory actions taken against Plaintiff were not isolated incidents but were facilitated, tolerated, ratified, or inadequately addressed through municipal customs, practices, and decision-making processes.

93. Defendant City of Houston's policies, customs, practices, failures to supervise, deliberate indifference, and ratification of unconstitutional conduct were moving forces behind the violations of Plaintiff's constitutional rights and the injuries suffered by Plaintiff.

94. As a direct and proximate result of the City's conduct, Plaintiff suffered loss of employment, loss of wages and benefits, loss of earning capacity, emotional distress, reputational harm, and other compensable injuries.

## IX.

### QUALIFIED IMMUNITY DOES NOT APPLY

95. Qualified immunity does not protect government officials who violate clearly established constitutional rights.

96. At all relevant times, it was clearly established that government officials may not retaliate against an individual for exercising First Amendment rights, including the right to petition the government, access the courts, and pursue legal remedies.

97. It was further clearly established that public employees may not be subjected to adverse governmental action in retaliation for constitutionally protected activity.

98. It was clearly established that governmental officials may not selectively enforce policies, misuse disciplinary authority, or impose adverse employment actions as punishment for the exercise of protected constitutional rights.

99. No objectively reasonable official could believe that retaliating against Plaintiff for filing a civil rights lawsuit and pursuing legal remedies was lawful.

100. Defendants violated clearly established constitutional rights of which a reasonable official would have known.

101. The Individual Defendants acted intentionally, maliciously, recklessly, and unreasonably.

102. Accordingly, the Individual Defendants are not entitled to qualified immunity.

## X. DAMAGES

103. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment, lost wages, lost earning capacity, loss of benefits, emotional distress, mental anguish, humiliation, embarrassment, reputational injury, inconvenience, and other compensable damages.

104. Plaintiff has endured substantial financial hardship arising from the loss of his career, income, retirement benefits, employment-related benefits, and future employment opportunities.

105. Plaintiff has further suffered damage to his professional reputation within the law enforcement community, loss of future employment opportunities, emotional suffering, anxiety, humiliation, and ongoing mental anguish caused by Defendants' retaliatory and unconstitutional conduct.

106.     Plaintiff's damages are continuing in nature and are expected to persist into the future.

107.     Defendants' conduct was intentional, malicious, reckless, and carried out with conscious disregard for Plaintiff's clearly established constitutional rights.

108.     Plaintiff is entitled to punitive damages against the Individual Defendants in their individual capacities.

109.     Plaintiff is entitled to recover attorney's fees, litigation expenses, expert witness fees, taxable costs, and all other recoverable expenses pursuant to 42 U.S.C. § 1988 and other applicable provisions of law.

110.     Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

111.     Plaintiff seeks reinstatement to his former position, restoration of lost seniority, benefits, rank, and employment rights, or alternatively, front pay in lieu of reinstatement should reinstatement be determined impracticable or inappropriate.

## XI. JURY DEMAND

112.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable.

## XII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff KEMARLEY BRAHAM respectfully requests that Defendants be cited to appear and answer herein and that upon

final trial and hearing, judgment be entered in favor of Plaintiff and against Defendants, jointly and severally where permitted by law, and that Plaintiff recover the following relief:

a.  Actual damages in an amount to be determined by the trier of fact, including but not limited to damages arising from loss of employment, loss of wages, loss of earning capacity, loss of employment benefits, loss of retirement benefits, loss of future employment opportunities, and all other economic damages sustained as a direct and proximate result of Defendants' unlawful conduct;

b.  Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, anxiety, reputational injury, emotional suffering, and other non-economic damages caused by Defendants' retaliatory and unconstitutional conduct;

c.  Back pay, including all lost salary, wages, overtime, bonuses, retirement contributions, pension benefits, employment benefits, and all other compensation Plaintiff would have received absent Defendants' unlawful conduct;

d.  Front pay and future lost earnings in lieu of reinstatement should reinstatement be determined infeasible, impracticable, or inappropriate under the circumstances;

e.  Reinstatement to Plaintiff's former position, restoration of all employment rights, seniority, rank, benefits, privileges, and employment status, together with all equitable relief necessary to make Plaintiff whole;

f.  Declaratory relief establishing that Defendants' conduct violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983;

g.  Temporary, preliminary, and permanent injunctive relief as may be necessary to prevent continuing violations of Plaintiff's constitutional rights;

*Plaintiff's Original Complaint, Jury Demand and*                                                     18
*Reassertion of Claims Previously Filed in Civil Action No. 4:25-CV-02050*

h.  Punitive damages against the Individual Defendants in their individual capacities because Defendants acted intentionally, maliciously, recklessly, and with conscious disregard for Plaintiff's clearly established constitutional rights;

i.  Attorney's fees, litigation expenses, expert witness fees, taxable costs, and all recoverable expenses pursuant to 42 U.S.C. § 1988 and all other applicable provisions of law;

j.  Prejudgment and post-judgment interest at the maximum rate permitted by law; and

k.  Such other and further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

Infinity Law Group PLLC
440 Louisiana Street,
Suite 900,
Houston, TX 77002

_____

Lena Hinton
Attorney for KEMARLEY BRAHAM

Bar No. 24132526
lena@infinitylawgroup.net
lena@infinitylawgroup.ai
Office Phone: (832) 688-4115

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Original Complaint, Jury Demand and Reassertion of Claims Previously Filed in Civil Action No. 4:25-CV-02050 will be served upon all Defendants in accordance with the Federal Rules of Civil Procedure following issuance of summons and service of process.

_____

Lena Hinton
Attorney for KEMARLEY BRAHAM